# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON DIVISION
## Civil Case No. 2:11-cv-00005-MR
## [Criminal Case No. 2:09-cr-00013-MR-1]

| | |
|---|---|
| JAMIE LEE WESTMORELAND, ) ) Petitioner, ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on consideration of Petitioner's motion to vacate, set aside or correct sentence, filed pursuant to 28 U.S.C. § 2255 [Doc. 1]. For the reasons that follow, Petitioner's motion will be granted and his sentence will be vacated.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 7, 2009, Petitioner was charged in a Bill of Indictment with one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). [Criminal Case No. 2:09-cr-00013-MR-1, Doc. 1: Indictment]. Petitioner pled guilty to this offense without the benefit of a plea agreement on June 3, 2009.

Prior to sentencing, the probation officer completed a Presentence Report (PSR), in which the probation officer calculated Petitioner's advisory

guideline range, summarized Petitioner's criminal history, and determined that Petitioner qualified as an armed career criminal (ACC) under U.S.S.G. § 4B1.4. Regarding the ACC designation, the probation officer relied upon three prior North Carolina convictions: felony speeding to elude arrest, felony possession with intent to distribute marijuana, and felony intimidating a witness and extortion. [Id.; Doc. 13: PSR at 5]. According to the North Carolina judgment applicable to the felony speeding to elude arrest conviction, the offense was a Class H felony. [Id. at ¶35; see also Doc. 14-1]. With Petitioner's prior record level of II, Petitioner faced six to eight months in prison for this offense. [Id.]. For the other convictions – felony possession with intent to distribute marijuana and felony intimidating a witness and extortion, Petitioner faced two years' imprisonment and 19 to 23 months' imprisonment, respectively. [Criminal Case No. 2:09-cr-00013-MR-1, Doc. 13: PSR at ¶¶36, 38].

At the sentencing hearing, and without objection from Petitioner, the Court determined that Petitioner qualified as an ACC and sentenced him to 180 months' imprisonment, the statutory minimum. The Court entered its judgment on April 9, 2010. [Id., Doc. 17: Judgment]. Petitioner did not file a direct appeal.

On January 26, 2011, Petitioner filed the present Section 2255 motion, arguing that his prior conviction for felony speeding to elude arrest should not have been counted as a qualifying felony for purposes of the ACC designation. [Doc. 1]. In support of his motion, Petitioner cites <u>Carachuri-Rosendo v. Holder</u>, 560 U.S. 563 (2010), arguing that because he could not have been sentenced to more than one year for the felony to elude arrest offense, he did not have the requisite three felonies to support his status as an armed career criminal. [Doc. 1]. Petitioner specifically argues that the statutory maximum for his offense should have been ten years, rather than fifteen years to life imprisonment. [<u>Id.</u>].

The Court ordered the Government to file an answer to Petitioner's claim for relief. Before submitting its response, the Government filed a motion to hold this matter in abeyance pending the Fourth Circuit's decision in <u>United States v. Powell</u>, No. 11-6152 (4th Cir. 2011). [Doc. 4]. That motion was granted, and the case was therefore stayed. [Doc. 5]. On August 17, 2012, the Fourth Circuit filed its decision in <u>Powell</u>. In that opinion, the Fourth Circuit held that the Supreme Court's decision in <u>Carachuri-Rosendo</u> was a procedural rule and was therefore not retroactive to cases on collateral review. <u>United States v. Powell</u>, 691 F.3d 554 (4th Cir. 2012).

3

Following the decision in Powell, the stay was lifted in this case and the Government filed its response to the Petitioner's motion. While not specifically addressing the opinion in Powell, the Government concedes that Petitioner's argument has merit, and that based on the holding in Carachuri and the Fourth Circuit's opinion in United States v. Simmons, Petitioner is "actually innocent" of the armed career criminal designation because his felony to elude arrest conviction did not expose him to a sentence of more than one year. The Government therefore recommends that Petitioner's sentence be vacated and that a new sentencing hearing be scheduled. [Doc. 14 at 6].

## STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief.

The Court has considered the record in this matter, the applicable authority, and the Government's consent to the requested relief and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**DISCUSSION**

Section 924(e) states that "a person who violates section 922(g) of [Title 18] and has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another . . . shall be fined under this title and imprisoned not less than fifteen years." 18 U.S.C. § 924(e). This section defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year ...." 18 U.S.C. § 924(e)(2)(B). Interpreting nearly identical language, and extending the Supreme Court's decision in Carachuri-Rosendo to North Carolina's structured sentencing regime, the Fourth Circuit held in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), that an offense is punishable by more than one year in prison only if that *particular defendant* could have received a sentence of more than one year in prison. Simmons overturned the Fourth Circuit's earlier decisions in United States v. Jones, 195 F.3d 205 (4th Cir. 1999), and United States v. Harp, 406 F.3d 242 (4th Cir. 2005), in which the Fourth Circuit had held that an offense is punishable by more than one year in prison as long as *any defendant* could receive a term of imprisonment of more than one year upon conviction for that offense. See Simmons, 649 F.3d at 247. Thus, for purposes of a qualifying conviction under § 924(e), a predicate conviction is not

"punishable for a term exceeding one year," unless the defendant could have received a sentence of more than one year in prison under the North Carolina Structured Sentencing Act.

In the present case, the Court relied on three prior convictions to classify Petitioner as an ACC: felony speeding to elude arrest, felony possession with intent to distribute marijuana, and felony intimidating a witness and felony extortion. While Petitioner received more than twelve months in prison for the drug offense and the intimidation/extortion offense, felony speeding to elude arrest is only a Class H felony and, when combined with Petitioner's prior record level of II, Petitioner could have received no more than eight months in prison for that offense. See N.C.G.S. § 20-141.5(b). Therefore, under Simmons, Petitioner's conviction was not for an offense punishable by more than one year in prison and thus could not be counted as an ACC predicate conviction. Without this conviction, Petitioner no longer qualifies as an armed career criminal, and the statutory maximum sentence Petitioner should have faced was only ten years. See 18 U.S.C. § 924(a)(2). Thus, the fifteen-year sentence Petitioner received is outside the correct statutory maximum.

That, however, is not the end of the inquiry. The Court of Appeals has recently ruled that Simmons is retroactively applicable to cases on

collateral review. See Miller v. United States, __ F.3d __, 2013 WL 4441547 (4th Cir. Aug. 21, 2013). More importantly, however, Petitioner did not appeal his conviction or sentence. As such he has procedurally defaulted this claim. As a general rule, a claim of error that was not raised on direct appeal is procedurally defaulted and is not cognizable on collateral review. See Bousley v. United States, 523 U.S. 614, 621 (1998) ("Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal.") (internal quotations and citations omitted); see also United States v. Pettiford, 612 F.3d 270, 279 n.7 (4th Cir. 2010) (recognizing that claim challenging predicate offenses for purposes of defendant's classification as an armed career criminal was procedurally defaulted based on defendant's failure to challenge those predicates in the district court or on appeal, unless defendant can establish exception to procedural bar). Where a defendant has procedurally defaulted a claim by failing to raise it on direct appeal, the claim is cognizable only on collateral review if the defendant can "show cause and actual prejudice ... or ... that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999).

In the present case, the Government concedes that Petitioner is entitled to relief as Petitioner can demonstrate a miscarriage of justice. Ordinarily, a misapplication of the Sentencing Guidelines does not constitute a miscarriage of justice. United States v. Pregent, 190 F.3d 279, 283-84 (4th Cir. 1999). The Court can, however, address a sentencing issue in the context of a § 2255 proceedings, even where such issue was procedurally defaulted, if it pertains to the application of a "habitual offender proceeding," and such application caused the Petitioner to be sentenced to a term longer than the statutory maximum for his crime. See Mikalajunas, 186 F.3d at 494-95; United States v. Maybeck, 23 F.3d 888, 892-94 (4th Cir. 1994); United States v. Powell, 691 F.3d 554, 563 (4th Cir. 2012) (King, J., dissenting in part and concurring in the judgment in part).

In this case, but for the erroneous application of the ACC enhancement, Petitioner's statutory maximum sentence was ten years. Therefore, Petitioner has met his burden by showing that his being sentenced as an ACC constituted a miscarriage of justice and can be addressed notwithstanding his procedural default.

For these reasons, Petitioner's sentence must be vacated and this matter must be set for resentencing.

## ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's motion to vacate his sentence [Doc. 1] is **GRANTED** to the extent that Petitioner's sentence is **VACATED** and Petitioner shall be re-sentenced in accordance with the terms of this Order. In all other respects, Petitioner's conviction and judgment remains undisturbed.

**IT IS FURTHER ORDERED** as follows:

(1) The United States Marshal shall have the Defendant present in Asheville, North Carolina, for the December 17, 2013 sentencing term;

(2) The Clerk of Court shall calendar this matter for that term;

(3) Petitioner's present counsel in this habeas proceeding shall remain as counsel of record for the purposes of resentencing in the criminal case; and

(4) The United States Probation Office shall provide the Court with a supplemental presentence report in advance of the resentencing hearing.

The Clerk of Court is directed to provide copies of this Order to the United States Attorney, the Federal Defenders, the United States Marshals Service, and the United States Probation Office.

**IT IS SO ORDERED.**

Signed: October 30, 2013

Martin Reidinger
United States District Judge